

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

ENTERED
05/27/2020

| | | |
|---|---|---|
| In re:<br><br>Q'MAX AMERICA, INC.,<br><br>Debtor. | § § § § § | Chapter 7<br><br>Case No. 20-60030-CML |
| In re:<br><br>Anchor Drilling Fluids USA, LLC,<br><br>Debtor. | § § § § § | Chapter 7<br><br>Case No. 20-60031-CML |

## ORDER (I) DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 7 CASES AND (II) GRANTING RELATED RELIEF

Upon the motion ("**Motion**")[1] of Christopher R. Murray, the chapter 7 Trustee ("**Trustee**") for the above-captioned debtors (collectively, "**Debtors**") for entry of an order ("**Order**"), (a) directing procedural consolidation and joint administration of these chapter 7 cases, and (b) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "<u>Hearing</u>"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Debtors' chapter 7 cases are hereby consolidated for procedural purposes only and shall be jointly administered by this Court under Case No. 20-60030. The caption of the jointly administered cases should read as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION**

| | | |
|---|---|---|
| In re: | § § | Chapter 7 |
| Q'Max America Inc., *et al.*,[1] | § § | Case No. 20-60030-CML |
| Debtors. | § § § | (Jointly Administered) |

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Q'Max America Inc. (2319); and Anchor Drilling Fluids USA, LLC (5395).

2. The foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

3. A docket entry, substantially similar to the following, shall be entered on the docket of Anchor Drilling Fluids USA, LLC:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of Texas directing joint administration of this chapter 7 case of Q'Max America Inc. and Anchor Drilling Fluids USA, LLC. The docket in Case No. 20-60030 should be consulted for all matters affecting these cases, and all further pleadings and other papers shall be filed in, and all further docket entries shall be made in Case No. 20-60030, however, separate claims dockets should be maintained for any "asset" case or any case noticed as an "asset" case.

4. The Debtors shall maintain, and the Clerk of the United States Bankruptcy Court for the Southern District of Texas shall keep, one consolidated docket, one file, and one consolidated service list for the Debtors' chapter 7 cases.

5. Any party in interest may request joint hearings on matters pending in these chapter 7 cases.

6. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these chapter 7 cases and this Order shall be without prejudice to the rights of the Trustee to seek entry of an order substantively consolidating the respective cases.

7. Christopher R. Murray, the Chapter 7 Trustee for the Debtors, is authorized to conduct joint meetings with the Debtors, including creditors' meetings pursuant to Section 341 of the Bankruptcy Code.

8. To the extent necessary, each Debtor shall file separate schedules of assets and liabilities and statements of financial affairs as required by Federal Rule of Bankruptcy Procedure 1007 in their respective cases.

9. Proofs of claims filed by a creditor of any Debtor shall reflect the style and case number of the Debtor to which such claim relates and shall be filed in the claims register of the case of the Debtor to which such claim relates.

10. The Clerk of the Court shall maintain separate claim registers for each Debtor.

11. Nothing contained in the Emergency Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these chapter 7 cases and this Order shall be without prejudice to the rights of the Trustee, Debtors, or any other party to seek entry of an Order substantively consolidating their respective cases.

12. Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a) and the Local Rules.

13. This Order is a Final Order within the meaning of 28 U.S.C. § 158(a)(1) and is effective immediately upon entry.

14. The Trustee is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

15. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Signed: May 27, 2020

_____
Christopher Lopez
United States Bankruptcy Judge